**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-0710-GPG

**DEAN D HACKBORN**, Inmate No.130945,

      Plaintiff,

v.

**PAULA J. FRANZ**, MD;
**CATHIE HOLST**;
**BERNADETTE SCOTT**, A.I.C. Coordinator;
**JOHN HICKENLOOPER**, Governor of Colorado;
**RICK REAMISH**, Executive Director of the Colorado Dept. of Corrections;
**COLORADO DEPT. OF CORRECTIONS**; and
**COLORADO HEALTH PARTNERS**,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Dean D Hackborn, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Hackborn initiated this action by filing *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983.  Pursuant to the Court's Order dated October 21, 2015, Plaintiff filed an Amended Complaint (ECF No. 13).

The Court must construe the amended complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint remains deficient.  For the reasons stated below, Plaintiff will be directed to file a second amended complaint.

In the Prisoner Complaint, Mr. Hackborn makes rambling assertions without clearly identifying what Defendant is responsible for what actions he is complaining about.  His factual allegations are vague and difficult to decipher.  Neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Hackborn is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Instead, it is the Plaintiff's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims.

Furthermore, any constitutional claims that Mr. Hackborn might assert against the Colorado Department of Corrections (CDOC) pursuant to 42 U.S.C. § 1983 are barred by Eleventh Amendment immunity, which extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (immunity of CDOC).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, the CDOC is an improper party to this action and should not be named as a Defendant in the Amended Complaint.

The Complaint is deficient to the extent Plaintiff sues Governor John Hickenlooper and Rick Raemish as he has failed to assert any specific personal

participation by such parties.  Plaintiff must assert personal participation by a named

defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how

each named individual caused the deprivation of a federal right.  *See Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or

failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993).

Mr. Hackborn's Eighth Amendment claim also is insufficient to state a claim.  In

this regard, the treatment a prisoner receives in prison and the conditions under which

he is confined are subject to scrutiny under the Eighth Amendment.  *Farmer v. Brennan*,

511 U.S. 825, 832 (1994) (citation omitted).  The Eighth Amendment prohibits the

infliction of "cruel and unusual punishments."  U.S. CONST. Amend. VIII.  Certain

conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute

cruel and unusual punishment under the Eighth Amendment.  *Whitley v. Albers*, 475

U.S. 312, 319 (1986).  "An inmate making a direct challenge to conditions of

confinement under the 8th Amendment, must show that, judged by contemporary

standards of decency, the conditions either involve the wanton and unnecessary

infliction of pain, that they are grossly disproportionate to the severity of the crime, or

that they entail serious deprivation of basic human needs."  *Georgacarakos v. Wiley*,

2010 WL 1291833 *11 (D. Colo. March 30, 2010) (internal quotation marks and citation

omitted).  "Prison officials must provide adequate food, clothing, shelter, and medical

care to inmates, and take reasonable measures to guarantee those inmates' safety."  *Id.*

(citation omitted).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  As for the objective component, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992).  Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission ... result[s] in the denial of 'the minimal civilized measure of life's necessities.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The subjective component follows from the principle that " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303–04.  A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As to the objective component, Mr. Hackborn's allegations do not state a claim for deprivation "of the minimal measure of life's necessities," as required to state a claim upon which relief can be granted pursuant to the Eighth Amendment.  Nor are his allegations sufficient to show exposure "to a risk that is so grave that it violates

4

contemporary standards of decency." *See Helling v. McKinney*, 509 U.S. 25, 36 (1993). Further, Mr. Hackborn's allegations are too vague and conclusory to state a claim upon which relief can be granted.      In the context of a medical treatment claim, he must state exactly what objectively serious medical need he was suffering from and what each specific Defendant did that amounted to deliberate indifference to that need.  He must provide specific dates and provide a short statement as to each claim against each defendant.  Plaintiff's complaint provides a statement of facts that does not specify what constitutional claims he is asserting against each defendant.  He merely identifies a defendant and makes rambling statements.

Moreover, Plaintiff cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.  The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority.  42 U.S.C. § 12131(1) (emphasis added).  *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).  Title II does not impose liability on individuals.  *See Montez v. Romer*, 32 F. Supp.2d 1235, 1240-41 (D. Colo. 1999).

Second, to state a claim under Title II, a plaintiff must allege that "(1) [s]he is a

qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson*, 500 F.3d at 1193.  Mr. Hackborn does not state with any specificity or in the description of the background of the case that he is a qualified individual with a disability and how he was excluded from participation in or denied benefits of a public entity's services, programs, or activities, and how such exclusion, denial of benefits, or discrimination was because of a disability.

Moreover, his claims fail to state a claim under the ADA.  *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions ... do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); *Rashad v. Doughty*, 4 F. App'x 558 (10th Cir. 2001) (holding that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation); *Moore v. Prison Health Services, Inc.*, 201 F.3d 448 (10th Cir. 1999) (finding that the ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general cause of action for challenging the medical treatment of their underlying disabilities).  *Accord Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions are not a basis for ADA claims); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that "the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners ... [t]he ADA does not create a remedy for medical malpractice."); *Lesley v. Chie*, 250 F.3d 47, 55 (1st Cir. 2001) ("[A] plaintiff's showing of medical unreasonableness must be framed within some

larger theory of disability discrimination."); *Thomas v. Pa. Dep't of Corr.*, 615 F.Supp.2d 411, 429 (W.D. Pa. 2009) (plaintiff's requests for a handicap cell that were denied based on a medical determination that they were not warranted did not support discriminatory treatment in violation of Title II of the ADA).

Moreover, as the Court has previously instructed, under C.R.S. § 13–80–102(1)(h), a two-year statute of limitations applies to "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in ... section 13–80–103." Thus, Plaintiff cannot file claims for actions that occurred on or before August 7, 2013.

To the extent Plaintiff asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing

7

standards for supervisory liability).

To the extent Mr. Hackborn asserts a constitutional claim against Colorado

Health Partners, he must allege specific facts that demonstrate he suffered an injury

caused by an official policy or custom.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194,

1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims

brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v.*

*Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold

CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA

directly caused the constitutional violation by instituting an official policy of some nature

that was the direct cause or moving force behind the constitutional violations") (internal

citation and quotation marks omitted).

The complaint is deficient because it does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the Court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.

1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.

*See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.

Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). **To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right**. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

9

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.**

*Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights. Plaintiff has failed to sufficiently comply with this requirement, *i.e.*, no dates, no specific instances alleged by specific defendants, *etc.*  It is not the Court's role to decipher Plaintiff's claims.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Therefore, Plaintiff should name as Defendants only those persons she contends actually violated his federal rights while acting under color of law.

It is Mr. Hackborn's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Hackborn must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Moreover, it is not the Court's role to sift through Mr. Hackborn's conclusory allegations to determine the heart of each claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claims in this action. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file a second amended complaint that complies with this Order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the

11

time allowed the Court will dismiss the action without further notice.

DATED December 28, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge

12